UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV2240 TIA |
| ) | |
| AXIOM MORTGAGE BANKERS ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 35). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(b).

## Background

As part of its Motion for Summary Judgment, Plaintiff has attached a Statement of Uncontroverted Facts ("SUF"). Defendant has failed to respond to the Plaintiff's motion, and the time for filing a response has expired. Under Local Rule 4.01, "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Therefore, the Court sets forth the following facts as presented by the Plaintiff in this matter[1]:

Plaintiff CitiMortgage, Inc. ("CMI") purchases closed mortgage loans from approved lenders, including "Correspondents", across the United States under a Loan Purchasing Program ("Program"). (Pl.'s SUF ¶ 1, ECF No. 37) CMI, which functions as an investor in the secondary mortgage market

---

[1] The undersigned adopts and incorporates Plaintiff's thorough and comprehensive Statement of Uncontroverted Material Facts in Support of its Motion for Summary Judgment (Doc. No. 37) and, for purposes of this Memorandum and Order, sets forth an abbreviated version taken from Plaintiff's statement of facts.

under the Program, resells some of its purchased loans to Fannie Mae, Freddie Mac, and other investors. (Id. at ¶¶ 2-3) On May 24, 2005, CMI entered into a Correspondent Agreement with Defendant Axiom Mortgage Bankers Corporation ("Axiom"). (Id. at ¶ 8) The Agreement set forth the terms and conditions governing Axiom's sale of loans to CMI under the Program, including that for each loan sold to CMI, Axiom was required to deliver certain loan documentation. (Id. at ¶¶ 10-11) In addition, CMI could require Axiom to repurchase any loan that CMI deemed defective. (Id. at ¶ 12)

Axiom began selling loans to CMI under the Agreement in 2005, and since that time had sold over 670 loans totaling more than $150,000,000.00. (Id. at ¶¶ 18-19) Six of those loans, all residential properties, contained information that was materially inaccurate, misrepresented, or otherwise defective. (Id. at ¶¶ 20-43) Specifically, CMI found that the loans misrepresented the borrowers' income, and in some instances the co-borrowers' employment, such that the debt-to-income ratio exceeded applicable guidelines. (Id.) Based upon this information, CMI determined that the loans were underwritten and/or originated based on materially inaccurate information or material misrepresentations or were otherwise defective. (Id. at ¶ 49) As a result, CMI sent written notices to Axiom advising of the defective loans and demanding that Axiom cure the defects or repurchase the loans in compliance with the Agreement. (Id. at ¶¶ 50-55) However, Axiom failed to cure or repurchase the loans pursuant to the Agreement, thereby causing losses and damages to CMI in the total amount of $1,368,270.49. (Id. at ¶¶ 57-68)

CMI filed a Complaint against Axiom in federal court on December 27, 2011, alleging breach of contract. The Court issued a Case Management Order on March 15, 2012. On March 28, 2012, attorneys for Defendant filed a Motion to Withdraw indicating that Axiom requested that counsel

withdraw from representation, and the Court granted said motion on April 2, 2012. Since that time, Axiom has failed to retain new counsel or otherwise respond to any Orders of this Court. On September 21, 2012, CMI filed a Motion for Summary Judgment, asserting that no genuine issue of material fact exists with regard to Axiom's breach of contract such that summary judgment in favor of CMI is warranted. Upon consideration of CMI's motion, the Court finds that CMI is entitled to judgment as a matter of law.

## Standard for Ruling on Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show

that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the non-moving party must present sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for that party. Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 324. Self-serving, conclusory, statements, standing alone, are insufficient to defeat a well-supported motion for summary judgment. O'Bryan v. KTIV Television, 64 F.3d 1188, 1191 (8th Cir. 1995).

## Discussion

CMI contends that Axiom breached its contractual obligations by failing to repurchase the six defective loans. In order to prevail on a motion for summary judgment for a breach of contract claim under Missouri law, the movant must demonstrate that "there was no genuine dispute as to the material facts establishing: (1) the existence of a valid contract; (2) the defendants' obligation under the contract; (3) a breach by the defendants of that obligation; and (4) resulting damages." C-H Bldg. Assoc., LLC v. Duffey, 309 S.W.3d 897, 899 (Mo. Ct. App. 2010) (citation omitted).

The contract at issue in this case is entitled "Correspondent Agreement Form 200" and relates to the purchase and sale of mortgage loans. (Pl.'s SUF Ex. B, ECF No. 37-2) The Agreement contains a "Cure or Repurchase" section and provides, in pertinent part:

> If CMI, in its sole and exclusive discretion, determines any Loan purchased pursuant to this Agreement:
> 
> (i) was underwritten and/or originated in violation of any term, condition, requirement or procedure contained in this Agreement or the CMI Manual in effect as of the date CMI purchased such Loan;
> 
> (ii) was underwritten and/or originated based on any materially inaccurate information or material misrepresentation made by the Loan borrower(s), Correspondent, Correspondent's directors, officers, employees, agents, independent contractors and/or affiliates,

4

> or any other party providing information relating to said Loan;
>
> . . .
>
> Correspondent will, upon notification by CMI, correct or cure such defect within the time prescribed by CMI to the full and complete satisfaction of CMI. If, after receiving such notice from CMI, Correspondent is unable to correct or cure such defect within the prescribed time, Correspondent shall, at CMI's sole discretion, either (i) repurchase such defective Loan from CMI at the price required by CMI ("Repurchase Price") or (ii) agree to such other remedies (including but not limited to additional indemnification and/or refund of a portion of the Loan purchase price) as CMI may deem appropriate. If CMI requests a repurchase of a defective Loan, Correspondent shall, within ten (10) business days of Correspondent's receipt of such repurchase request, pay to CMI the Repurchase Price . . . .

(Id. at p. 5 § 11) CMI correctly asserts, and other courts in the Eastern District of Missouri have so found, that the Correspondent Agreement Form 200 is a valid contract. See, e.g., CitiMortgage, Inc. v. Reunion Mortg., Inc., No. 4:10CV1632 RWS, 2012 WL 5471165, at *4 (E.D. Mo. Nov. 9, 2012) (finding that the parties entered into an agreement that provided for mutual obligations, including defendant's obligation to repurchase defective loans); CitiMortgage, Inc. v. Just Mortg., Inc., No. 4:09CV1909 DDN, 2012 WL 1060122, at *11 (E.D. Mo. March 29, 2012) (stating that defendant did not dispute the existence of a valid contract with CitiMortgage); CitiMortgage, Inc. v. OCM Bancorp, Inc., No. 2011 WL 1594950, at *2 (E.D. Mo. April 27, 2011) (noting the existence of a contract with CitiMortgage, including the agreement's "Cure or Repurchase" clause).

In addition, Axiom was obligated to repurchase loans that CMI determined were defective. Pursuant to the Agreement, CMI demanded that Axiom repurchase six loans that contained inaccurate information, misrepresentations, and other defects material to CMI's decision to purchase the loans. Specifically, the debt-to-income ratio exceeded applicable guidelines in these loans.

Despite CMI's requests, Axiom failed to perform its obligations under the Agreement and repurchase the defective loans. Further, Axiom has failed to provide any evidence disproving that the loans at issue were defective.

CMI has also demonstrated that it has been damaged as a result of Axiom's refusal to repurchase the loans. The combined "Repurchase Price" of the loans totals $1,368,270.48, which CMI calculated by using a formula described in Section 2301 of the CMI Manual. (Pl.'s SUF ¶¶ 59-68) Axiom has not objected to the calculation of the amount or the methodology. Indeed, Axiom consented to this method of calculating damages by entering into the Agreement. (Pl.'s SUF ¶ 60) Other courts in this district have determined that defendants' "failure to repurchase the loans after requested to do so by CitiMortgage constitutes a breach of contract." Reunion Mortg., Inc., 2012 WL 5471165, at *4; see also CitiMortgage, Inc. v. Allied Mortg. Group, Inc., No. 4:10CV1863 JAR, 2012 WL 5258745, at *4 (E.D. Mo. Oct. 24, 2012) ("Thus, [defendant's] failure to repurchase the Loans after demand by CMI constitutes a breach of contract.").

This Court similarly finds that Axiom breached its contract with CMI by failing to repurchase the six defective loans after receiving CMI's demands. In short, CMI has demonstrated that a valid contract existed between CMI and Axiom; that Axiom was obligated to repurchase the loans, which were defective because the borrowers' materially misrepresented their incomes[2]; that CMI demanded that Axiom repurchase the loans pursuant to the Agreement; that Axiom breached the Agreement by failing to repurchase the loans; and that CMI was damaged as a result. Therefore, CMI is entitled to judgment as a matter of law unless there is an affirmative defense that would preclude summary

---

[2] The undersigned agrees with the court in OCM Bancorp, Inc., 2011 WL 1594950, at *6, which determined that "a borrower's substantially misrepresented income would qualify as a material misrepresentation as a matter of law."

6

judgment in favor of CMI.

Axiom has asserted 14 affirmative defenses in its Answer to Amended Complaint. (ECF No. 19) However, as Axiom has failed to file a response in opposition to CMI's Motion for Summary Judgment, it has abandoned these defenses. See Broadcast Music, Inc. v. Edcon Enters., LLC, No. 4:11-CV-1950 JAR, 2012 WL 3143925, at *4 n.2 (E.D. Mo. Aug. 1, 2012) ("As a general rule, the failure to raise an affirmative defense in opposition to a motion for summary judgment constitutes an abandonment of the defense."). Thus, CMI is entitled to summary judgment.

In its Motion for Summary Judgment, CMI also requests damages in the amount of $1,368,270.49, which represents the total Repurchase Price of the six loans. As previously stated, Axiom consented to the formula CMI used to calculate this amount via the Agreement and has not objected to the amount. Therefore, the Court will award CMI damages in the amount requested. See Allied Mortg. Group, Inc., 2012 WL 5258745, at *11 (finding no basis for denying CMI's request for damages).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 35) is **GRANTED.**

**IT IS FURTHER ORDERED** that judgment is entered in favor of CitiMortgage, Inc. and against Axiom Mortgage Bankers Corporation in the amount of $1,368,270.49. A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                                /s/ Terry I. Adelman  
                                                 UNITED STATES MAGISTRATE JUDGE

Dated this  17th  day of May, 2013.